MEMORANDUM BT THE COURT.
The court’s conclusion is based upon the following considerations :
1. The failure and difficulty in unwatering the plaintiffs’ cofferdam was not attributable to “ a leak ” in the small cofferdam or in the river wall. There was a leak or break in part of the small cofferdam, but the water that found its way into that inclosure did not materially affect the plaintiff’s place of work until they cut the river wall. For this cutting the defendant is not responsible. It was repaired, and the plaintiffs’ cofferdam was unwatered before defendant had remedied the leak in the small cofferdam. The river wall was, and continued to be, reasonably adapted to the uses for which it was designed.
2. While it was probably the defendant’s duty to repair the leak in the small cofferdam, it did so, and gave it to plaintiffs after being repaired in a suitable condition. For the use by defendant’s agents of plaintiffs’ men, machinery, or material the defendant would be liable to plaintiff for the reasonable value thereof if defendant did not pay the men, but there is no proof of what this service or use is worth or from which the same can be found.
3. There is an allowance of $271.90 as the difference between actual cost and payment for laying concrete. If the *305 additional cost of beating and laying concrete when the thermometer was below 36° was greater than the amount stated there is no proof from which the same can be ascertained, and there being no proof of the cost there can be no allowance for any profit on such cost.
4. The findings sufficiently show the other items in detail.
An important fact is that the plaintiffs’ bid was quite low for the work required. It was nearly 50 per cent below the nest lowest bid.
Judgment for plaintiff in the sum of $271.90, as shown by Finding XIII.
As to all other claims the petition is dismissed.